**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: _____

AVIEL JUAREZ MATIANO, and other
similarly situated individuals,

    Plaintiff,

v.

5th AVENUE TREE EXPERTS, INC. and
SAMI SLIM, individually,

    Defendants.
_____/

## DEFENDANTS' NOTICE OF REMOVAL OF ACTION

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND VICTOR MANUEL CORONEL RAMIREZ AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Defendants, 5th AVENUE TREE EXPERTS, INC. and SAMI SLIM, have been named and served as Defendants in the above-captioned matter. The Defendants now remove the action to this Court pursuant to 28 U.S.C. §§1331 and 1441. In support of this Notice of Removal, the Defendants show as follows:

## FACTS

1. A summons and Complaint, with the caption *Aviel Juarez Matiano v. 5th Avenue Tree Experts, Inc., et al.,* was served on the Defendants on September 10, 2020. A copy of the Summons and Complaint, which were served on the Defendants less than thirty (30) days ago and constitute all process, pleadings, and orders served in that case is attached as Exhibit "A".

2. The Complaint alleges that Plaintiff, "hereby sues Defendants 5th Avenue Teree Experts, Inc. and Sami Slim, individually, for overtime wage violations under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA")…" See, Compl. Further, Counts I and II of

the Complaint allege violation of the overtime provision of the FLSA against the company and the individual, respectively. See, Compl. at ¶11 and 33. Further, Count III of the Complaint alleges unlawful retaliation under the FLSA. Thus, as stated in the Complaint, the purpose of the action is to recover money damages under the laws of the United States based 29 U.S.C. §201 et sec. and not under the laws of the State of Florida.

3. Because the Complaint is based on the Fair Labor Standards Act – a federal statute – the Complaint presents am original federal question, and jurisdiction in this Court is proper pursuant to 28 U.S.C. §1331.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and the Local Rules of the United States District Court for the Southern District of Florida, Fort Lauderdale Division because the entity Defendant was located in Coral Springs, within Broward County, Florida, and Plaintiff's work for the entity Defendant was within Broward County, Florida.

5. Pursuant to 28 U.S.C. §1441(a), a Defendant may remove any action within this Court's original jurisdiction to this Court.

6. This Notice of Removal is timely in that it has been filed within thirty (30) days of Defendant's first receipt of Exhibit "A". See, 28 U.S.C §1446(b).

## **NOTICE TO PLAINTIFF**

Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of Florida, written notice of such filing will be served on Plaintiff's counsel of record. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, FL.

WHEREFORE, having provided notice as required by law, Defendant removes the aforesaid State court action to this Court under the style shown above.

Respectfully submitted, this 29th day of September, 2020.

> ADI AMIT, P.A.
> *Attorneys for Defendants*
> 101 NE 3rd Ave., Suite 300
> Fort Lauderdale, Florida 33301
> Phone:   (954) 533-5922
> Fax:        (954) 302-4963
> E-mail:   adi@defenderofbusiness.com
>
> By: *s/Adi Amit*
>         Adi Amit, Esquire
>         Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on September 29, 2020, a true and correct copy of the foregoing Notice of Removal was served by first class mail and electronically to Anthony M. Georges-Pierre, Esq., REMER & GEORGES-PIERRE, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200,. Miami, FL 33130 (agp@rgpattorneys.com).

> /s/ *Adi Amit*
> Adi Amit